UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GORDON C. SCHAEFFER, JR., | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:07-CV-503RM |
| | ) | |
| WALTER MARTIN, | ) | |
| | ) | |
| Respondent | ) | |

## OPINION AND ORDER

Gordon Schaeffer moves to set aside his conviction and sentence under 28 U.S.C. § 2254(d). For the reasons that follow, the court denies his petition.

Mr. Schaeffer was convicted in the Howard Superior Court of dealing in cocaine and being a habitual offender, and was sentenced in 2001 to an aggregate forty-year sentence. The conviction arose from Mr. Schaefer's sale of two rocks of cocaine to an undercover police officer for $150. Mr. Schaeffer appealed, contending that hearsay evidence was improperly admitted, that the evidence was insufficient to support the conviction or the habitual offender enhancement, and that a mistrial should have been ordered. The Indiana Court of Appeals affirmed his conviction in an unpublished memorandum opinion. The court of appeals held that any error in the admission of evidence was harmless because they were cumulative, that the evidence was sufficient in both challenged respects, and that no mistrial had been required. The Indiana Supreme Court denied Mr. Schaeffer's petition for transfer.

The trial court denied Mr. Schaeffer's petition for post-conviction relief, and

the Indiana Court of Appeals affirmed that denial. In that appeal, Mr. Schaeffer argued that he received ineffective assistance of counsel at trial (for failure to investigate thoroughly, raise and seek an instruction on an entrapment defense, move for directed verdict, or object to the verdict) and at his post-conviction hearing (for submitting his trial counsel's affidavit rather than requiring her presence) and that his sentence was improperly enhanced (in violation of Blakely v. Washington, 542 U.S. 296 (2004), and to "send a message" to the community about drugs). The Indiana Supreme Court denied transfer.

Mr. Schaeffer filed this petition for a writ of habeas corpus in a timely manner. In his habeas corpus petition, he asserts the same ineffective assistance of counsel claims that he presented to the Indiana Court of Appeals.

Mr. Schaeffer cannot succeed on his claim that his counsel in the post-conviction relief proceedings failed to provide him with effective assistance. In recognition that the United States Constitution creates no right to counsel in state post-conviction proceedings (much less effective assistance of counsel), *see* Coleman v. Thompson, 501 U.S. 722, 756-757 (1991); Pennslyvania v. Finley, 481 U.S. 551 (1987), the federal habeas corpus statute precludes that issue as a ground for relief. 28 U.S.C. § 2254(i).

To succeed on his ineffective assistance of counsel claim, Mr. Schaeffer must persuade this court that the Indiana Court of Appeals contravened or unreasonably applied the United States constitution as interpreted in Strickland v. Washington, 466 U.S. 668, 689-694 (1984), which requires one in Mr.

Schaeffer's situation to show both that his counsel's performance fell outside the wide range of reasonable professional assistance and that but for unprofessional errors by his counsel, the outcome of his trial would have been different. 28 U.S.C. § 2254(d)(1). An unreasonable application is one that is both incorrect and unreasonable. Cocoran v. Buss, 551 F.3d 703, 708-709 (7th Cir. 2008) (citing Woods v. McBride, 430 F.3d 813, 817 (7th Cir.2005)). This record doesn't allow Mr. Schaeffer to approach such a showing.

Mr. Schaeffer contends his trial counsel was ineffective for failing to conduct a proper investigation, raise an entrapment defense, request a jury instruction on the defense of entrapment, move for a directed verdict, and object to the sentence based upon improper aggravating circumstances. Mr. Schaeffer's traverse tries to resurrect the hearsay claim rejected on his direct appeal as harmless error at most. Mr. Schaeffer didn't raise that issue in his habeas corpus petition, so the respondent had no opportunity to respond to it, and the court needn't address it. With respect to the issues Mr. Schaeffer raised in his habeas corpus petition concerning his trial counsel, the Indiana Court of Appeals reasonably applied the Strickland standard.

The Indiana Court of Appeals correctly concluded that Mr. Schaefer's attorney wasn't ineffective for not pursuing an entrapment defense. Indiana entrapment requires the State to prove that the accused's criminal conduct wasn't the product of law enforcement efforts or that the accused was predisposed to engage in the conduct. Love v. State, 507 N.E.2d 581, 583 (Ind. 1987). Mr.

3

Schaeffer packaged the drugs the same way drug dealers package their drugs for street distribution: each rock of crack cocaine was packaged in the corner part of a bag and tied off. Mr. Schaeffer's go-between took a smaller package as her payment for setting up the meeting. Mr. Schaeffer identifies no evidence that he thinks a better investigation would have disclosed or that would suggest he wasn't predisposed. The Indiana Court of Appeals reasonably concluded that there was no ineffective assistance in not raising or further investigating an entrapment defense, or in counsel's not seeking an entrapment instruction or a direct verdict based on an entrapment theory.

Nor has Mr. Schaeffer made the necessary showing concerning his attorney's failure to object to his sentence in light of what he remembers to have been the sentencing judge's remarks about the drug problem in the community, which Mr. Schaeffer interprets as the "sending of a message" from which Indiana's sentencing courts are forbidden. *See* Gibson v. State, 856 N.E.2d 142, 149 (Ind. Ct. App. 2006). This argument fails for a variety of reasons. First, Mr. Schaeffer points to no authority for the proposition that a sentencing judge's "sending a message" to other would-be felons violates the federal constitution. Cf. 18 U.S.C. § 3553(a)(2)(B). More pertinently, 28 U.S.C. § 2254(e)(1) creates a presumption that a state court's factual determinations are correct, and requires clear and convincing evidence to overcome that presumption. Sturgeon v. Chandler, 552 F.3d 604, 609 (7th Cir. 2009). The Indiana Court of Appeals found that Mr. Schaeffer's criminal history was the determining factor in enhancing his sentence,

and accurately noted that Blakely doesn't require a jury finding concerning the defendant's criminal history. Mr. Schaeffer hasn't overcome the presumption that the court of appeals was correct in its finding on the reason for Mr. Schaeffer's sentence, leaving this court with no basis to believe an objection by trial counsel to the sentence would have changed the result.

For all of these reasons, the court DENIES Mr. Schaeffer's petition for writ of habeas corpus.

ENTERED:  February 18, 2009 

/s/ Robert L. Miller, Jr.  
Chief Judge  
United States District Court
